UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

IN RE:

JOSEPH WINFRED REEVES,                             Case No. 09-21716-GWE
                                                   Chapter 13
Debtor.

**MEMORANDUM OF LAW IN SUPPORT OF
DEBTOR'S PRO SE MOTION FOR PAYMENT OF UNCLAIMED FUNDS**

Comes Now, Joseph Winfred Reeves ("Debtor"), by and through counsel, and files this Memorandum of Law in support of his Pro Se Motion for Payment of Unclaimed Funds [Doc. 129]. This memorandum is also submitted in opposition to the Motion to Withdraw Unclaimed Funds filed by Lora E. May ("Creditor") [Doc. 126].

**I. JURISDICTION**

This matter concerns the prior administration of the bankruptcy estate and is a core proceeding over which this Court has jurisdiction to enter final orders and judgments. 28 U.S.C. §157(b)(2)(A).

**II. ISSUES**

A. WHETHER FUNDS HELD BY THE TRUSTEE AT DISMISSAL OF A CONFIRMED CHAPTER 13 CASE SHOULD BE DISBURSED TO CREDITORS OR REFUNDED TO DEBTOR.

B. WHETHER CREDITOR FORFEITED HER CLAIM WHEN SHE FAILED TO NOTIFY THE COURT OF HER CHANGE OF ADDRESS UNTIL AFTER THE CASE DISMISSED.

C. WHETHER CREDITOR'S RIGHT TO RECOVER UNCLAIMED FUNDS, IF ANY, IS LIMITED TO THE AMOUNT DISBURSED TO CREDITOR PRIOR TO DISMISSAL OF THE CASE.

1

### III. UNDISPUTED FACTS

Debtor filed a voluntary Chapter 13 Petition on February 16, 2009, that included an unsecured debt to Creditor in the amount of $54,544.73. The plan was confirmed on August 20, 2009 [Doc. 47] and an order was entered providing for unsecured creditors to be paid nineteen percent (19%) [Doc. 72]. Creditor filed a proof of claim (Claim No. 5-1) for the scheduled amount.

Debtor began making his plan payments and the Chapter 13 Trustee ("Trustee") commenced with distributions. Trustee made the following disbursements and adjustments on Creditor's claim:

| Date | Voucher | Amount |
|---|---|---|
| 10/10/11 | 7759717 | $355.47 |
| 11/03/11 | 7761830 | 355.47 |
| 11/03/11 | 7759717 | -355.47 |
| 11/10/11 | 7763355 | 263.31 |
| 12/09/11 | 7766610 | -56.68 |
| 12/10/11 | 7766610 | 56.68 |
| 01/17/12 | 7763355 | -263.31 |
| 01/17/12 | 7761830 | -355.47 |
| 06/26/14 | 7832613 | 10,132.74 |
| 10/30/14 | 7832613 | -10,132.74 |

Creditor failed to cash or negotiate any of the disbursed checks forwarded to her at her stated address. The checks were either returned to Trustee or became stale and the funds were returned to Debtor's account. Debtor voluntary dismissed his case on June 11, 2014 [Doc. 122]. Trustee had $10,132.74 on hand at the time of dismissal. On June 26, 2014, some fifteen (15) days after the case dismissed, check No. 7832613 in the amount of $10,132.74 was written to Creditor. No funds were disbursed to other creditors that had a balance due under the confirmed plan at the time of dismissal.

On October 30, 2014 an Application and Order [Doc. 126, Attachment 1] was entered providing that the funds on hand with Trustee be turned over to the clerk of court as unclaimed funds.

Creditor filed a Motion to Withdraw Unclaimed Funds on December 3, 2014 [Doc. 126]. Debtor obtained a form motion titled "Pro Se Motion For Payment of Unclaimed Funds" from the clerk of court and filed it on December 4, 2014 [Doc. 129] requesting the funds be returned to him.

The funds in dispute ($10,132.74) were paid to Trustee by debtor's employer after confirmation and prior to dismissal. The disputed funds do not include any payments received by Trustee after the case was dismissed. All funds received after dismissal were refunded to Debtor.

### IV. LAW AND ARGUMENT

**A.    UNDISTRIBUTED FUNDS HELD BY THE TRUSTEE AT DISMISSAL OF A CONFIRMED CHAPTER 13 CASE SHOULD BE REFUNDED TO DEBTOR.**

11 U.S.C. §349(b)(3) provides that "Unless the court, *for cause*, orders otherwise, a dismissal of a case other than under section 742 of this title …(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." (emphasis added.)

In the case at bar, Debtor's income was the source of the funds paid to Trustee and those undistributed funds should have been returned to Debtor at dismissal in the absence of a court order, for cause, to the contrary.

Trustee relies upon the Order Confirming Plan [Doc. 47] as authority for distributing the funds to Creditor rather than refunding them to Debtor. The order contains the following relevant language:

3

> 2. …In the event of dismissal, or conversion, funds held by the Trustee shall be paid to creditors unless otherwise ordered by the court.
>
> 3. All property shall remain property of the Chapter 13 estate under §§ 541(a) and 1306(a) and shall revest in the debtor(s) only upon discharge pursuant to §1328(a), dismissal of the case, or specific order of the Court. …"

The literal language in paragraph two of the order appears to give Trustee the authority to pay funds on hand to creditors after the case is dismissed. However, paragraph 3 of the order goes on to say that once a case is dismissed the property revest in the debtor. When an order is susceptible to two interpretations, it is the duty of the court to adopt that one which renders it more reasonable, effective and conclusive in light of the facts and law of the case. *Hendrie v. Lowmaster,* 152 F.2d 83 (6th Cir. 1945). The law of the case is 11 U.S.C. §349(b)(3) which revest the property in Debtor at the time of dismissal.

There is some split of authority on the issue. However, Tennessee courts have found that funds on hand with the chapter 13 trustee at dismissal and after confirmation must be returned to the debtor unless the Bankruptcy court exercises its statutory discretion to order otherwise for cause.

In *In re Hamilton,* 493 B.R. 31, 2013 WL 2151457, (Bankr. M.D. Tenn. 2013), decided on May 15, 2013, the court reviewed three separate chapter 13 debtor's request for the return of funds on hand at the time their cases dismissed. The court found that the dismissal of each case relieved the trustee of their duty to disburse funds according to the confirmed plan. The court also noted that there is a strong, long standing policy supporting the return of undisbursed funds to chapter 13 debtor's at dismissal. A copy of *In re Hamilton* is attached as "**EXHIBIT**". *See also, Cohen v. Tran*

*(In re Tran),* 309 B.R. 330, *aff'd.* 2006 U.S. App. LEXIS 10616 (9th Cir. April 27, 2006); *In re Murphy,* 2014 Bankr. LEXIS 558, 71 Collier Bankr. Cas. 2d (MB) 86, 2014 WL 2600168; *In re Weatherspoon*, 2014 Bankr. LEXIS 17, 2014 WL 61405).

Furthermore, the trustee's order does not recite any "cause" as required by 11 U.S.C. §349(b)(3) to alter the presumptive revesting of funds in Debtor. The phrase "for cause" has been interpreted to mean the court can exercise its discretion after all interested parties have been given notice of the funds on hand with the Trustee. *In re Lewis,* 346 B.R. 89 (Bankr. E.D. Pa. 2006). It was not possible, at the time the Order Confirming Plan was entered, for Trustee to know the amount of funds she would have on hand if and when the case dismissed. The provision is clearly intended to refer to a hearing, such as the one pending before this Court, in which the debtor and creditors have an opportunity to show cause for their entitlement to the funds.

Also, Creditor is unable to prove "cause" sufficient for the court to ignore the requirements of 11 U.S.C. §349(b)(3) where Debtor voluntarily dismissed his case and did not receive a discharge. Creditor has the unimpeded right to pursue her claim in state court and therefore would not be prejudiced if the funds are returned to Debtor.

**B. CREDITOR FORFEITED HER CLAIM WHEN SHE FAILED TO NOTIFY THE COURT OF HER CHANGE OF ADDRESS UNTIL AFTER THE CASE DISMISSED.**

Creditor was given proper notice of the bankruptcy filing and filed a proof of claim on April 6, 2009. Trustee mailed several disbursement checks to her at the address on the proof of claim and all were returned to Trustee. For more than five (5) years Creditor received no payments from Trustee and made no known attempt to contact Trustee or the Court regarding her claim. Creditor had a continuing obligation to keep

the Court informed of her current address.  See, Fed.R.Bankr.P. 2002(g) and United States Bankruptcy Court, Official Form B10.

Fed.R.Bankr.P. 2002(g) creates an affirmative duty on a creditor to update their address with the Court.  Creditor's failure to fulfill that duty is the sole reason why she did not receive regular monthly disbursements from Trustee and she should bear the responsibility for her failure to fulfill that duty.   The dismissal of the case on June 11, 2014 voided the chapter 13 plan thereby terminating trustee's duty to make payments to creditors.  *Nash v. Kester (In re Nash)* 765 F.2d 1410, 1413 (9th Cir. 1985).

United States Bankruptcy Court Official Form B10 is a proof of claim form available to creditors on the Court's web site.  The form includes instructions to creditors and includes the following relevant language:

> **Creditor's Name and Address:**
> Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  A separate space is provided for the payment address if it differs from the notice address.  The creditor has a continuing obligation to keep the court informed of its current address.  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

Creditor forfeited her claim where she knew or should have known of her duty to update her address with the Court and failed to do so.

**C.    CREDITOR'S RIGHT TO RECOVER UNCLAIMED FUNDS, IF ANY, IS LIMITED TO THE FUNDS DISBURSED TO CREDITOR PRIOR TO DISMISSAL OF THE CASE.**

Assuming, *arguendo,* that Creditor did not waive her right to collect funds by failing to update her address with the Court or pursue her claim for more than five (5) years, her right to recovery is limited to the funds actually disbursed to her prior to dismissal of the case.

Trustee made the following disbursements to Creditor prior to dismissal:

| Date | Voucher | Amount |
|---|---|---|
| 10/10/11 | 7759717 | $355.47 |
| 11/03/11 | 7761830 | 355.47 |
| 11/10/11 | 7763355 | 263.31 |
| 12/10/11 | 7766610 | 56.68 |
| | | $1,030.93 |

These funds could have been forwarded to the clerk of court pursuant to 11 U.S.C. Section 347 as unclaimed funds. Instead, Trustee stopped payment on the checks and returned the funds to the estate bank account.

When the case dismissed on June 11, 2014 Trustee had $10,132.74 on hand that immediately vested in Debtor. Approximately fifteen (15) days later on June 26, 2014, Trustee improperly issued voucher #7832613 in the amount of $10,132.74 to Creditor. Trustee returned those funds to the estate bank account on October 30, 2014 after the check became stale. The funds were immediately forwarded to the clerk of court and are the subject of this dispute.

## V. CONCLUSION

For the foregoing reasons, Debtor's Pro Se Motion for Payment of Unclaimed Funds should be granted and the counter-claim for funds filed by Creditor should be dismissed.

Respectfully Submitted,

/s/ Lynda F. Teems
LYNDA F. TEEMS  #13976
Attorney for Debtor
80 Monroe Avenue, Suite 625
Memphis, Tennessee 38103-2491
(901) 526-5555 Office
(901) 529-1233 Facsimile
Email: lteems1@aol.com

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served by U.S. Mail or electronic means on the following on this the 19th day of February, 2015:

Joe Reeves, Debtor
Lora E. May, Creditor
Holly Schumpert, Attorney for Lora May
Melanie Dakin, Attorney for Chapter 13 Trustee
Sylvia F. Brown, Chapter 13 Trustee
Sam Crocker, U.S. Trustee

/s/ Lynda F. Teems
Lynda F. Teems