UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

In re:
Joseph W. Reeves                                         Case No. 09-21716-E
Debtor(s)                                                Chapter 13
_____

BRIEF IN SUPPORT OF CREDITOR, LORA E. MAY
_____

COMES NOW, Creditor Lora E. May, hereinafter "Ms. May", by and through counsel, moves this Court to direct the Clerk of Court to remit $10,132.74, which was deposited into the Treasury of the United States as unclaimed funds for Ms. May. In support thereof, Ms. May states:

By virtue of 28 U.S.C. §§157(b)(2)(A) and 1334(b), this is a core proceeding. The issue presented is whether undistributed funds in possession of a Chapter 13 trustee upon entry of a post confirmation case dismissal order must be distributed to creditors in accordance with the terms of the confirmed plan, where the confirmed plan expressly provided for such a distribution upon dismissal of the case. Further, and in the alternative, whether cause exists to override the revesting of "property of the estate" in the debtor upon dismissal of his case pursuant to 349(b)(3), where Debtor reaped the benefits of his sixty four (64) month Bankruptcy case, including but not limited to the Automatic Stay Provisions pursuant to 11 U.S.C. §362. Most relevant statutes include 11 U.S.C. §§1302(b)(1) 1326(a)(2), 1326(c), 1327(b), 349(b)(3), and 704(a)(2).

## FACTS

On February 16, 2009, Debtor, Joseph W. Reeves, hereinafter "Mr. Reeves", filed a voluntary petition in this Court for Relief under Chapter 13 of the United States Bankruptcy

Code, as well as his proposed Chapter 13 plan, which was confirmed on August 20, 2009. The Order Confirming Plan provided among other things, that "debtor(s)' future earnings shall remain exclusive control of this Court. In the event of dismissal, or conversion, funds held by the Trustee shall be paid to creditors unless otherwise ordered by the court.". (See Exhibit A, Docket #41)  Debtor listed and scheduled Ms. May as an unsecured creditor with a claim of $54,544.73 based on thirteen (13) promissory notes dated from April 1, 2008 to October 27, 2008, which were the source of Mr. Reeves' funding his divorce while dating Ms. May. On April 6, 2009, Ms. May filed a proof of claim for $54,544.73. (See Exhibit B, Claim 5-1 with attachments) The Administrative Order Allowing Claims, including Ms. Mays' claim, was entered on October 16, 2009. (See Exhibit C, Docket #58.) Debtor did not file an Objection to Confirmation, nor an Objection to Claim. Thus the claim is an allowed claim pursuant to 11 U.S.C. §§501 and 502.

On October 10, 2011, November 10, 2011 and December 9, 2011, the Chapter 13 Trustee disbursed payments of $355.47, $263.31 and $56.68, respectively. These payments were returned to the Trustee due to Ms. May's address change.  The Chapter 13 Trustee began "ear marking" these funds which were placed in reserve on Ms. Mays behalf.  On June 11, 2014, Mr. Reeves voluntarily dismissed his Chapter 13 case. At the time of his dismissal, his plan had only $907.39 left to be paid to unsecured creditors. His plan was scheduled to pay19% payment to unsecured creditors, which included Ms. May's claim. His ongoing mortgage was current and the arrearage had been paid through the plan. Mr. Reeves continues to be gainfully employed as a pilot for Federal Express, as he has since the filing of his case. On June 23, 2014, the Trustee issued all funds that had been reserved or 'ear marked" on behalf on Ms. May in the total amount of $10,132.74. On October 30, 2014, these funds were returned to the Trustee due to an incorrect address and consequently issued to the Bankruptcy Court Clerk, again on behalf of Ms. May.

Consequently, An Application and Order was filed by the Trustee referencing the unclaimed funds at issue in this case and authorizing the turnover of the funds that were reserved or "earmarked" for Ms. May to the Bankruptcy Court Clerk. (See Exhibit D, Docket #261, Case No. 99-99992.) On December 3, 2014, Ms. May filed a Motion To Withdraw Unclaimed Funds in the amount of $10,132.74, which were the funds that had been 'ear marked" and placed in reserve on her behalf. (See Exhibit E, Docket 126, excluding attachments.) On December 3, 2014, Chapter 13 Standing Trustee's Final Report and Account was docketed. The Final Report and Account indicate the payment of $10,132.74 to Ms. May. (See Exhibit F, Docket #127.) On December 4, 2014, Mr. Reeves filed a pro se motion for payment of unclaimed funds asserting entitlement to said funds due to the "time allowed to negotiate said check has expired and the funds have not been claimed." (See Exhibit G, Docket 129.) On December 7, 2014, Order Approving Standing Chapter 13 Trustee's Final Report and Account And Discharging Trustee Combined With Notice Of Entry Thereof was docketed. (See Exhibit H, Docket #132.) Mr. Reeves failed to appeal or object to all of these orders, as well as the Order Confirming Plan, all of which are final orders.

## DISCUSSION

"The chapter 13 trustee is required to account for all property received during the administration of the case. 11 U.S.C. §1302(b)(1) and §704(a)(2). In turn, the Bankruptcy Code requires that, as a condition to a Chapter 13 plan being confirmed, a debtor must provide for the submission to the control of the trustee that portion of their future income which is necessary to effectuate the plan. 11 U.S.C. §1322(a)(1). Taken together, these requirements mean a Chapter 13 trustee must ensure that monies received are accounted for and then distributed in accordance with the Bankruptcy Code and the terms of the confirmed Chapter 13 plan. Accord 11 U.S.C.

§1326(c) ('Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.')" . *In Re Hufford*, 460 B.R. 172, 175 (Bankr. N.D. Ohio 2011).

In this case, the terms of the order confirming the Debtor's Chapter 13 plan explicitly provided that "the debtor(s) future earnings shall remain under the exclusive control of this Court. In the event of dismissal, or conversion, funds held by the Trustee shall be paid to creditors unless otherwise ordered by the court." "The provisions of a confirmed plan bind the debtor and each creditor..." 11 U.S.C. §1327(a). The Trustee has a duty to retain payments by the debtor "until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable." See 11 U.S.C. §1326(a)(2). Further, 11 U.S.C. §1326(c) provides that "Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan." Dismissal of a chapter 13 case does not relieve the chapter 13 trustee of his statutory duty to distribute funds in accordance with a confirmed plan. *In re Parrish*, 275 B.R 424, 426 (Bankr. D.D.C, 2002).

In this case, Mr. Reeves, after reaping the benefits of the terms of the Chapter 13 plan of reorganization from February 16, 2009 to June 11, 2014, voluntarily dismissed his case with less than $1000 to be paid to receive his discharge at a 19% payout to his unsecured creditors. Mr. Reeves seeks to claim the funds that were received by the trustee post confirmation and pre dismissal, which were voluntarily paid by him to the trustee and reserved or "ear marked" for Ms. May in the amount of $10,132.74. Debtor relies primarily on 11 U.S.C. §349 to reason that the dismissal of his Chapter 13 case effectively vacated the confirmed plan, that the funds held by the trustee at the time of dismissal were property of the estate, and that the dismissal reinvests

property of the estate in the debtor and consequently must be paid to him. Mr. Reeves argument "fails to appreciate the nature of a Chapter 13 plan as an 'exchanged for bargain between debtor and his creditors[.]' and "when the debtor fails to fulfill their end of the bargain because of the dismissal of their case, a result finding that their confirmed Chapter 13 plan is terminated serves to prevent a debtor from obtaining the benefit of those terms in a plan which are advantageous to the debtor" *See In re Hufford*, at 177 citing *In re Sanitate*, 415 B.R. 98 (E.D.Pa. 2009); See also *In re Murphy*, 493 B.R. 576, 581(D. Colorado 2013); *In re Oparaji*, 698 F.3d 231, 238 (2012). "Rather than restoring the parties to their respective positions held on the date of the petition, it would perhaps be more accurate to state that the intent behind section 349 is to undo the actions of the bankruptcy court to the extent possible, when a debtor's chapter 13 case is dismissed prior to discharge, the court's acceptance of the debtor's bankruptcy plan must be negated and the parties are no longer bound by its term." *See In re Murphy*, 493 B.R. at 581.

Property of a Chapter 13 estate includes "earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title, whichever occurs first." 11 U.S.C. Sec. 1306(a)(2). 11 U.S.C. §1327(b) provides that "except as provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. §349(b)(3) "reinvests the property of the estate in the entity in which such property was vested immediately before commencement of the case...". In this case, the Mr. Reeves's confirmed plan specifically provides that "In the event of dismissal, or conversion, funds held by the Trustee shall be paid to creditors unless otherwise ordered by the court." In this case, the property of the estate are post confirmation, pre dismissal earnings that Mr. Reeves bargained for in exchange for the Bankruptcy Court Protection. The same funds that the Confirmation Order provides

"shall remain under the exclusive control of this Court" and "shall be paid to creditors unless otherwise ordered by the court." 11 U.S.C. §349(b)(3) provides "unless the court, for cause, orders otherwise, a dismissal of a case...revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title;".

In this case, the Confirmation Order, the Administrative order Allowing Claims, the Application and Order referencing the unclaimed funds at issue in this case and which authorized the turnover of the funds reserved for Ms. May to the Bankruptcy Court Clerk, the Chapter 13 Standing Trustee's Final Report and Account (also referencing the payment of $10,132.74 due and reserved for Ms. May), and the Order Approving Standing Chapter 13 Trustee's Final Report and Account And Discharging Trustee Combined With Notice Of Entry Thereof, all became final orders. Mr. Reeves failed to object to or appeal any of these orders, all of which are final orders. Further, Mr. Reeves, after reaping the benefits of the terms of the confirmed Chapter 13 plan of reorganization from February 16, 2009 to June 11, 2014, a total of sixty four (64) months, voluntarily dismissed his case with less than $1000 to be paid to receive his discharge at a 19% payout to his unsecured creditors. His unsecured debt in the plan totaled $214,444.75.

The legislative history of Sec. 349(b) states that "[t]he basic purpose of the subsection is to undo the bankruptcy case, *as far as practicable*, and to restore all property rights to the position in which they were found at the commencement of the case." *Emphasis added*. S.Rep. No. 989, 95th Cong., 2d Sess. 49, reprinted in 1978 U.S. Code Cong. & Ad. News 5787, 5835. *In Re Nash*, 765 F.2d 1410, (9th Cir. 1985). In this case, the Order Confirming Plan, the Administrative Order Allowing Claims, the Application and Order, the Chapter 13 Standing Trustee's Final Report and Account, and the Order Approving Standing Chapter 13 Trustee's

Final Report and Account And Discharging Trustee Combined With Notice Of Entry Thereof all became final orders. Mr. Reeves failed to appeal or object to any of these orders.

"The effect of a case being dismissed is governed by § 349. Under this provision, the estate is dissolved, with those entities having a prepetition interest in estate property reinvested of that interest. 11 U.S.C. § 349(b). The prepetition rights of creditors against the debtor are also restored. *Id.* In short, § 349 seeks, 'to undo the bankruptcy case, *as far as practicable*, and to restore all property rights to the position in which they were found at the commencement of the case.' *In re Plata,* 958 F.2d 918, 923 (9th Cir. 1992), *citing* S.Rep. No. 989, 95th Cong., 2nd Sess. 49 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5835; *Webb Mtn, LLC v. Executive Realty Partnership, L.P. (In re Webb Mtn, LLC),* 420 B.R. 418, 429 (Bankr.E.D.Tenn.2009) as cited by *In re: Wcislak*, 446 B.R. 827, (N.D. Ohio, 2011), emphasis added. "Thus, when a debtor fails to fulfill their end of the bargain because of the dismissal of their case, a result finding that their confirmed Chapter 13 plan is terminated serves to prevent a debtor from obtaining the benefit of those terms in a plan which are advantageous to the debtor" *See In re Hufford*, at 177 citing *In re Sanitate*, 415 B.R. 98 (E.D.Pa. 2009). "Rather than restoring the parties to their respective positions held on the date of the petition, it would perhaps be more accurate to state that the intent behind section 349 is to undo the actions of the bankruptcy court to the extent possible, when a debtor's chapter 13 case is dismissed prior to discharge, the court's acceptance of the debtor's bankruptcy plan must be negated and the parties are no longer bound by its term." See *In re Murphy*, 493 B.R. at 581.

11 U.S.C. § 349(b)(3) does not override the plain language of 11 U.S.C. §1326(a)(2). As in this case, 11 U.S.C. § 349(b)(3) "revests the debtor with funds subject to whatever restrictions 11 U.S.C. § 1326(a)(2) imposes." *See In re Parrish*, at 427. "Section 349(b)(3) must be read in

conjunction with section 1326(a)(2). See *In re Darden*, at 8 (Bankr. D.Mass.(2012) citing *In re United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc.,Ltd.*, 484 U.S. 365, 371, S.Ct. 626, 98 L.Ed.2d 740 (1988)("Statutory construction. . . is a holistic endeavor'" where isolated provisions ought to be interpreted to produce a "substantive effect that is compatible with the rest of the law."). Section 1326 directs the trustee to distribute plan payments in accordance with the confirmed plan as soon as practicable. The trustee's duties are not contingent on whether the case has been dismissed. See *in re Parrish*, at 427. 11 U.S.C. § 349(b)(2), states that the effect of dismissal vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title. Notably, this section does not vacate an order confirming plan. The Court in *Parrish* recognized, "a dismissal implicitly vacates a confirmation order with respect to a debtor's obligation to make future payments", however, there is a "meaningful difference between future plan payments required under the confirmed plan and past payments made but undisbursed during the pendency of the bankruptcy.". See *In re Darden*, at 8.

     11 U.S.C. §349(b)(3) provides that "unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title–revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."  It is well recognized that "cause" under section 349 may arise absent bad faith, based on the specific facts and circumstances of the case. Specifically, based "the duration of time in which the debtor enjoyed the benefit of the automatic stay, it would be inequitable to creditors to authorize dismissal without distribution of monies accumulated during the case for payment to them, the quid pro quo of their suffering the effects of bankruptcy's automatic stay." *Id* at 13., See also *In re Torres*, 2000 WL 5170 at *2 (Bankr.D.Idaho, Oct, 10, 2000; See *In re Hufford* at 178.

In this case, the Debtor seeks the advantageous and benefits derived from filing the Bankruptcy, which he enjoyed for over five (5) years prior to voluntarily dismissing his case, and further seeks to have reimbursed the monies paid per the confirmed plan at the expense to his creditor, Ms. May, whom has been forbidden from collection efforts and would be prejudiced by such a resulting and unanticipated windfall to the debtor. In this case, cause exists pursuant to 11 U.S.C. §349(b)(3), for the court to order the trustee to disburse the plan payments per the confirmed plan, as contemplated by the parties, including the debtor, creditors and the trustee, at the time of the confirmed plan. Debtor in this case proposed a plan which required payments sufficient to pay his plan for approximately 60 months, which was confirmed. 11 U.S.C. §1326(a)(2) requires the trustee to distribute any such payments in accordance with the plan as soon as practicable. His plan was set to pay 19% to non priority unsecured creditors over the approximate 60 month confirmed plan. His confirmed plan provided that in the event of dismissal, or conversion, funds held by the Trustee shall be paid to creditors unless otherwise ordered by the court. To disburse the funds received post confirmation and pre dismissal to the debtor would be prejudicial to the creditor herein and provide a windfall to Mr. Reeves, placing him in a much better position than what existed at the time of the Commencement of his case. In other words, Debtor made voluntary payments as his proposed and confirmed plan provided. Mr. Reeves had no reasonable expectation that he would retain a vested interest in these funds totaling $10,132.74, while Ms. May was stayed from collection efforts on the $54,544.73 undisputed debt owed by Mr. Reeves. From February 16, 2009 through June 11, 2014, Mr. Reeves continued to receive the benefits of the Bankruptcy Code. Mr. Reeves had no reasonable expectation of retaining the voluntary payments he made to the trustee, whilst receiving the advantages under the Bankruptcy code. Title 11 and equitable considerations dictate that these

payments should be disbursed per the confirmed plan as contemplated by all parties. To hold otherwise would result in trustees being forced to act as custodians over all debtor's savings accounts and create windfalls to the debtor and inequities to debtor's creditors, not intended by the Bankruptcy Code. Mr. Reeves' plan payments made to the Chapter 13 trustee while his bankruptcy case was pending from February 16, 2009 through June 11, 2014 per his confirmed plan, should be allocated to his creditors in accordance with the intentions of the parties and his Chapter 13 plan. The specific facts and circumstances in this case satisfy the "for cause" provision of 11 U.S.C. §349(b)(3) which provides "unless the court, for cause, orders otherwise...a dismissal of a case revests the property of the estate in the entity in which such property vested immediately before the commencement of the case under this title", thus overriding the re-vesting of "property of the estate" in the debtor upon dismissal of his case. In this case, the bargained for exchange between Mr. Reeves and his creditors, including Ms. May, was that debtor would fund his confirmed plan and receive the benefits of the Bankruptcy Code and Ms. May would forego collection of a $54,445.73 undisputed debt as required by the Automatic Stay Provisions. 11 U.S.C. §362.

## CONCLUSION

In conclusion, the chapter 13 trustee is required to account for all property received during the administration of the case. In turn, the Bankruptcy Code requires that, as a condition to a Chapter 13 plan being confirmed, a debtor must provide for the submission to the control of the trustee that portion of their future income which is necessary to effectuate the plan. Taken together, these requirements mean a Chapter 13 trustee must ensure that monies received are accounted for and then distributed in accordance with the Bankruptcy Code and the terms of the confirmed Chapter 13 plan. Debtor's Chapter 13 plan explicitly provided that "the debtor(s)

future earnings shall remain under the exclusive control of this Court. In the event of dismissal, or conversion, funds held by the Trustee shall be paid to creditors unless otherwise ordered by the court." The Trustee has a duty to retain payments by the debtor until confirmation or denial of confirmation. If a plan is confirmed, the trustee is directed to distribute any such payment in accordance with the plan as soon as is practicable. Except as otherwise provided in the plan or in the order confirming the plan, the trustee is required to make payments to creditors under the plan. Dismissal of a chapter 13 case does not relieve the chapter 13 trustee of his statutory duty to distribute funds in accordance with a confirmed plan.

Alternatively, if the Court were to determine that the trustee is no longer bound to the terms and conditions of the confirmed plan, the Court should look to the specific facts and circumstances in this case. Further, pursuant to 11 U.S.C. §349(b)(3), the Court should determine that "cause" exists in this case, thus overriding the re-vesting of "property of the estate" in the debtor upon dismissal of his case. Specifically, it would be inequitable to Ms. May for the Court to authorize the dismissal of the case without distribution of monies accumulated during the case and reserved for her to be paid to Mr. Reeves, where Mr. Reeves enjoyed the benefits of the protection afforded by the Bankruptcy Code for sixty four months.

Respectfully Submitted,

/s/ Holly W. Schumpert
Holly W. Schumpert #15658
Attorney for Creditor
2552 Poplar Avenue, Suite 4F
Memphis, TN 38112
(901) 323-9000
holleyschumpert@att.net

CERTIFICATE OF SERVICE

    I hereby certify that in the 19th day of February, 2015, I caused to be mailed a copy of the foregoing by E-mail, Fax or U.S. Mail, first class, postage pre-paid to:
Linda Teems, Attorney for Debtor
UST
Case Trustee, Sylvia Ford Brown/Melanie Dakin

    /s/ Holly W. Schumpert
    Holly W. Schumpert #15658
    2552 Poplar Avenue, Suite 4F
    Memphis, TN 38112
    (901) 323-9000
    holleyschumpert@att.net