UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

IN RE:

JOSEPH WINFRED REEVES,                               Case No. 09-21716-GWE
                                                     Chapter 13
Debtor.

**DEBTOR'S REPLY TO
BRIEF IN SUPPORT OF CREDITOR, LORA E. MAY**

Comes Now, Joseph Winfred Reeves ("Debtor"), by and through counsel, and files this reply to Brief in Support of Creditor, Lora E. May [ Doc. 137]. Debtor respectfully states the following:

**ARGUMENT**

**A.    CREDITOR INCORRECTLY STATES THAT UNDISTRIBUTED FUNDS HELD BY THE TRUSTEE AT DISMISSAL OF A CONFIRMED CHAPTER 13 CASE SHOULD BE PAID TO CREDITORS.**

Creditor, Lora E. May ("Creditor") argues in her brief that all funds in the hands of the Trustee at dismissal must be distributed to creditors in accordance with the terms of a confirm plan where the confirmed plan expressly provides for such distribution. Creditor failed to acknowledge that the Order Confirming Plan also includes language that expressly provides for estate property to vest in Debtor upon dismissal. When an order is susceptible to two interpretations it is the duty of the court to adopt that one which renders it more reasonable, effective and conclusive in light of the facts and law of the case. *Hendrie v. Lowmaster,* 152 F.2d 83 (6th Cir. 1945). Debtor further relies

1

upon the arguments set out in more detail in his Memorandum of Law in Support of Debtor's Pro Se Motion for Payment of Unclaimed Funds [Doc. 136].

### B. CAUSE DOES NOT EXIST TO OVERRIDE THE REVESTING OF ESTATE PROPERTY IN DEBTOR.

Creditor unsuccessfully argues that cause exists to override the revesting of estate property in debtor where Debtor reaped the benefits of his bankruptcy case by virtue of the automatic stay. This argument, at best, is disingenuous for the following reasons:

Debtor did not receive a discharge and is now required to pay one hundred percent (100%) to Creditor as opposed to the nineteen percent (19%) confirmed plan. This leaves Creditor in a position where she can now collect the entire $54,544.73 due her rather than receive $10,132.74 with the balance discharged.

Creditor made no attempt to collect the funds due her under the confirmed plan until after the case dismissed. She failed to notify the Court of her change of address for more than five (5) years thereby abandoning her claim.

Upon information and belief, Creditor would not have filed the instant request for unclaimed funds had she not been contacted by a collection company whose business it is to comb the unclaimed funds register and contact potential claimants. The facts of the case are inconsistent with Creditor's argument that the automatic stay prohibited her from pursuing her claim.

### C. DEBTOR DID NOT WAIVE HIS ENTITLEMENT TO THE FUNDS WHERE THE 1) TRUSTEE'S FINAL REPORT AND ACCOUNT, 2) ORDER APPROVING FINAL REPORT, AND 3) APPLICATION AND ORDER WERE NOT APPEALED.

Creditor unsuccessfully argues that Debtor waived his claim when he did not file an objection to the Trustee's Final Report and Account [Doc. 127], Order Approving

Final Report [Doc. 132] and Application and Order [Case No. 99-99992, Doc. 261]. The argument fails for the following reasons:

The Trustee's Final Report and Account disclosed the previous distribution made by the Trustee. It was accurate and did not call for an objection. If however, the Court finds an objection was necessary, that requirement was satisfied when Debtor filed his pro se motion with supporting affidavit the same day the accounting was filed.

The Order Approving Final Report was entered on December 7, 2014 some four (4) days after the filing of the accounting. This further supports Debtor's argument that the accounting was not served with notice and opportunity to object. Furthermore, the order was entered during a period of time when Debtor's pro se motion for release of the funds was pending.

The Application and Order referred to in Creditor's brief is a financial order that was not filed in the instant case. Debtor was not given notice of the entry of the order with opportunity to object. Furthermore, the order was entered on February 26, 2015 while the pro se motion was pending.

If the Order Approving Final Report or the Application and Order entered in Case 99-99992 have any bearing on the issues before the Court they should be declared void where they were entered during a period in time when Debtor's objection to the payment of Creditor and his claim for the funds was pending before the Court.

**D. CREDITOR CITED AUTHORITY THAT IS NOT APPLICABLE TO THE CASE BEFORE THE COURT.**

1. Creditor cited *In re Parrish*, **275 B.R. 424; 2002 Bankr. LEXIS 292 (Bankr. D.D.C., 2002)** for the proposition that "Dismissal of a chapter 13 case does not relieve

3

the chapter 13 trustee of his statutory duty to distribute funds in accordance with a confirmed plan.  See, Brief in Support of Creditor, Lora E. May, p. 4.  The *Parrish* court reasoned that the revesting provision in 11 U.S.C. §349(b)(3) was irrelevant because nothing in the Bankruptcy Code says it vacates the effectiveness of a confirmed plan. *Parrish* is not applicable to the case before this Court for the following reasons:

    a). The order of confirmation in *Parrish* did not contain an express provision revesting property of the estate in the debtor at the time of dismissal.

    b). *Parrish* was decided prior to the 2005 BAPCPA amendments.

    c). *Parrish* discounted the precedent established in *In re Nash,* 765 F.2d 1410, C.A. 9th Cir., 1985, where the 9th Circuit had previously determined that a dismissal order effectively vacates the confirmation order as to payments already made to the trustee resulting in the revesting of estate property in the debtor.

    d). Courts, such as *In re Tran,* 309 B.R. 330, 2004 Bankr. LEXIS 627, 51 Collier Bankr. Cas. 2d (MB) 1915, B.A.P. 9th Cir., 2004, have reviewed the *Parrish* decision finding it reasoning to be flawed.

    2. Creditor relied upon **In re Hufford, 460 B.R. 172 (Bankr. N.D. Ohio, 2011)**, for the proposition that "Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan."  See, Brief in Support of Lora E. May, p. 4.

The facts before this Court are distinguishable from *Hufford*.  The *Hufford* confirmation order and order of dismissal provided for the trustee to distribute assets

4

within his custody to creditors. In the case at bar, the order of confirmation provides for the distribution of funds to creditors **and** expressly revest property of the estate in Debtor at dismissal. Two conflicting interpretations that must be decided the Court.

3. Creditor relies upon *In re Murphy,* **493 B.R. 576 (D. Colorado, 2013),** for the proposition that the intent behind 11 U.S.C. §349 is not to restore the parties to their respective positions held on the date of the petition but instead to undo the actions of the bankruptcy court to the extent possible. See, Brief of Creditor, Lora E. May, p. 7.

The *Murphy* case involved a foreclosure on the debtor's home during a period of time when the case was dismissed and prior to reinstatement. The debtor in *Murphy* attempted to argue that once the case was reinstated the mortgage company was bound by the prior confirmed plan which allowed her to retain possession of the home and cure the arrearage. The court held that the creditor was not bound by the confirmed plan because the plan had no legal effect following dismissal when the foreclosure took place.

The *Murphy* case is applicable to the instant case only as it relates to the rule that once a case is dismissed the orders in the case including the confirmed plan are vacated.

4. Creditor cited *In re Darden,* **474 B.R. 1 (Bankr. D.Mass. 2012)** for the proposition that 11 U.S.C. §349(b)(3) does not override the plain language of 11 U.S.C. §1326(a)(2) and that the two statutes read in conjunction with each other establish a difference between future plan payments required under a confirmed plan and past payments made but undisbursed during the pendency of a bankruptcy. See, Brief of Creditor, Lora E. May, Pp. 7, 8.

The *Darden* case involved a dispute between the trustee and debtor to undisbursed funds in the hands of the trustee and funds being held by a third party at the time of dismissal.  The court found that the undisbursed funds in the hands of the trustee were to be returned to the debtor.  The court further held that the funds in the hands of the third party should be turned over to the trustee for distribution.  The rational for the turnover of funds in the hands of a third party for distribution to unsecured creditors was the fact that they were the product of a cause of action for sanctions against a mortgage company for post-petition conduct.  The claim against the mortgage company did not exist before the commencement of the case and therefore was not subject to the revesting provision of 11 U.S.C. §349(b)(3).

The case before this Court involves a completely different set of facts where the funds in dispute are the debtor's wages which vested in him prior to the filing of the bankruptcy case.

## V. CONCLUSION

For the foregoing reasons, Debtor's Pro Se Motion for Payment of Unclaimed Funds should be granted and the counter-claim for funds filed by Creditor should be dismissed.

Respectfully Submitted,

/s/ Lynda F. Teems
LYNDA F. TEEMS  #13976
Attorney for Debtor
80 Monroe Avenue, Suite 625
Memphis, Tennessee 38103-2491
(901) 526-5555 Office
(901) 529-1233 Facsimile
Email: lteems1@aol.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served by U.S. Mail or electronic means on the following on this the 4th day of March, 2015:

Joe Reeves, Debtor
Lora E. May, Creditor
Holly Schumpert, Attorney for Lora May
Melanie Dakin, Attorney for Chapter 13 Trustee
Sylvia F. Brown, Chapter 13 Trustee
Sam Crocker, U.S. Trustee

/s/ Lynda F. Teems
Lynda F. Teems